Case 4:25-cv-05784   Document 9   Filed on 12/15/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE JAVIER MIRANDA SILVA, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-25-5784 |
| § | |
| KRISTIE NOEM, Secretary, U.S. Department § | |
| of Homeland Security, *et al.*, § | |
| § | |
| Respondents. § | |

**ORDER**

The petitioner, Jose Javier Miranda Silva, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Detention Facility. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Miranda Silva's petition, (Docket Entry No. 1), and denies the motion to dismiss, (Docket Entry No. 7).

As this court and other courts have articulated in numerous decisions, Miranda Silva is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, Civ. Action No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z. The court also notes that a district court in the Central District of California certified a class of petitioners similarly situated to Miranda Silva and

granted summary judgment in their favor, holding that § 1226, not § 1225, applies to those in Miranda Silva's position. *See, e.g.*, *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025); *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).[1] The court has found no reason to depart from its prior decisions or the decisions of dozens of other courts.[2]

The respondents argue that this court cannot grant Miranda Silva's habeas petition because *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc), requires individual plaintiffs who are part of a certified class to "urg[e] further action through the class representative and attorney, including contempt proceedings, or by intervention in the class action." But *Gillespie* is inapposite. In it, the plaintiffs sought relief for allegedly unconstitutional Texas prison conditions. *Id.* The Fifth Circuit held that the plaintiffs could not pursue separate claims for equitable or declaratory relief because such claims "would interfere with the orderly administration of the class action and risk inconsistent adjudications." *Id.* If courts entered conflicting orders on Texas's need to restructure its prison system to comply with the Constitution, confusion could ensue. It

---

[1] Because there is a certified class but no class judgment, the district court's rulings in the class action suit do not have preclusive effect in this litigation. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). But "[u]nder the law of the case doctrine, courts will show deference to decisions already made in [a] case they are presiding over." *Abecassis v. Wyatt*, 7 F. Supp. 3d 668, 671 (S.D. Tex. 2014). "Federal courts" are still "expect[ed] . . . to apply principles of comity to each other's . . . decisions when addressing a common dispute." *Bayer*, 564 U.S. at 317. A class has been certified, Miranda Silva is part of that class, and the class-action court expressly "extend[ed]" its ruling on the named petitioner's "declaratory relief" to the class "as a whole." *Maldonado Bautista*, 2025 WL 3288403, at *9. This court owes comity to the class-action court's rulings on the common issues. *Arellano v. Bondi*, No. 25-5454, ECF No. 13 at 4 (S.D. Tex. Dec. 9, 2025).

[2] The court rejects the respondents' other challenges to the habeas petition. As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3.

2

was the nature of the relief sought in the individual actions, not the fact of the individual actions themselves, that caused the Fifth Circuit to use its "supervisory power" to direct litigation through the class action. *See id.*

This case presents no such risk of undermining the "orderly administration of the class action" or of "inconsistent adjudications." This court's order directly enforces the class-action ruling that § 1226(a), not § 1225(b)(2), applies to Miranda Silva. It also grants individual, not structural, relief. The Fifth Circuit in *Gillespie* allowed class plaintiffs "to sue individually for damages," 858 F.2d at 1103, likely because such relief did not subject state officials to inconsistent judicial decrees on how to structure a constitutional Texas prison system. Similarly here, an order granting an individual habeas petition, which is consistent with and enforces the class-action court's summary-judgment ruling, is unlikely to subject the respondents to inconsistent court orders. *Gillespie* does not foreclose Miranda Silva's requested relief.

The respondents must provide Miranda Silva with a bond hearing under § 1226(a) by December 29, 2025, or release him. The parties are to update the court on the status of his bond hearing no later than January 2, 2026.

SIGNED on December 15, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge