IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE JAVIER MIRANDA SILVA, | § |
| Petitioner, | § § § |
| vs. | §  CIVIL ACTION NO. H-25-5784 |
| KRISTIE NOEM, Secretary, U.S. Department of Homeland Security, *et al.*, | § § § § |
| Respondents. | § § |

**ORDER**

On December 17, 2025, this court ordered the respondents to "provide Miranda Silva with a bond hearing under § 1226(a) by December 29, 2025, or release him." (Docket Entry No. 9 at 3). On December 18, 2025, Immigration Judge Scott Greenbaum of the Conroe Immigration Court held a custody redetermination hearing for Miranda Silva. (Docket Entry No. 11-2). Despite this court's order that an Immigration Judge must determine whether Miranda Silva is eligible for bond, (Docket Entry No. 11-3), Judge Greenbaum denied bond, ruling that he lacked jurisdiction over the matter, (Docket Entry No. 11-4 at 3). The respondents recognize that "[t]he custody redetermination hearing was not held in compliance with the federal district court order" and represent that "a custody redetermination hearing [will] be held prior to December 29, 2025, in compliance with the federal district court order." (Docket Entry No. 11-6 at 2). Miranda Silva moves to enforce this court's December 17, 2025, Order, arguing that this court ordered to the respondents to resolve Miranda Silva's continuing custody in "a [single] bond hearing." (*See* Docket Entry No. 11 at 3).

This court denies Miranda Silva's motion to enforce, (Docket Entry No. 11), without prejudice, for two reasons. First, the respondents have so far substantially complied with this

court's Order. *See Alliantgroup, L.P. v. Feingold*, No. CIV.A H-09-0479, 2010 WL 3909923, at *1 (S.D. Tex. Sept. 30, 2010). The respondents attempted to provide Miranda Silva with a bond hearing and have represented that they will continue to attempt to provide Miranda Silva a proper bond hearing before this court's December 29, 2025, deadline. Judge Greenbaum's ruling in contravention of this court's order does not change the fact that Miranda Silva either will receive a proper bond hearing or will be released by the December 29, 2025, deadline.

Second, Miranda Silva has not shown that the equities favor his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas corpus is 'governed by equitable principles.'" (quoting *Fay v. Noia*, 372 U.S. 391, 438 (1963))). The bond amount and conditions of release set at a bond hearing reasonably assure that Miranda Silva will attend future immigration proceedings and will not endanger the community. Short circuiting that process, absent undue delay or malfeasance by the respondents, does not serve the public interest. On this record, there is not sufficient evidence of respondents' unclean hands to warrant immediate release. It is not clear whether Immigration Judges "who receive actual notice" of court orders, including Judge Greenbaum, are one of the respondents' "officers, agents, servants, employees, [or] attorneys" or are "[an]other person[] . . . in active concert or participation with" the respondents. FED. R. CIV. P. 65(d)(2)(B)–(C). The respondents appeared to have attempted in good faith to comply with this court's Order. The court is not convinced that, at this stage, it should hold Judge Greenbaum's aberrant ruling against them.

SIGNED on December 29, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge